IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IVAN EPPS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:23-cv-01870-LKG |
| | ) | |
| v. | ) | Dated:  July 8, 2026 |
| | ) | |
| AZ BATTERY RESCUE LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION

### I.    INTRODUCTION

In this civil action, the Plaintiff, Ivan Epps, alleges that the Defendants, AZ Battery Rescue LLC ("AZ") and its owners, Pir Mohammad Arshad ("Arshad") and Mohammed D. Majeed ("Majeed"), failed to pay him certain wages and overtime pay, in violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Labor & Empl. Art. §§ 3-413, 3-415 and 3-427; and the Maryland Wage Payment and Collection Law ("MWPCL"), Labor & Empl. Art., §§ 3-502, 3-503, 3-505 and 3-507.2.  *See generally* ECF No. 37.  On April 10, 2026, the Plaintiff filed a consent motion for judicial approval of partial settlement of FLSA claims with Defendant Arshad only, that would partially resolve his claims.  *See generally* ECF No. 55; *see also* 29 U.S.C. § 216(b) (requiring Court approval to release FLSA claims brought by an employee in a private right of action).

The Court held a fairness hearing on the parties' proposed settlement on June 24, 2026. ECF No. 57.  On June 30, 2026, the Plaintiff filed a supplement to his motion for approval of the partial settlement of FLSA claims.  ECF No. 59.  For the reasons set forth below, and stated during the fairness hearing, the Court: (1) **GRANTS-in-PART** the Plaintiff's consent motion for approval of partial settlement of FLSA claims as to Defendant Arshad only (ECF No. 55); (2) **APPROVES** the parties' Settlement Agreement (ECF No. 55-1); and (3) **AWARDS** the Plaintiff: (a) unpaid wages in the amount of **$9,250.00**; (b) attorneys' fees in the amount of **$12,450.00** and (c) costs in the amount of **$8,748.26**.

1

II.    **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**[1]

   **A. Factual Background**

In this civil action, the Plaintiff alleges that the Defendants failed to pay him certain wages and overtime pay, in violation of the FLSA, the MWHL, and the MWPCL.  *See generally* ECF No. 37.  The Plaintiff and Defendant Arshad have reached a settlement (the "Settlement Agreement") which would, among other things, partially resolve the Plaintiff's claims and allow the Plaintiff to recover $9,250.00 in unpaid wages.  *See* ECF No. 55-1.

Case Background

As background, the Plaintiff commenced this civil action on July 11, 2023.  ECF No. 1. On January 8, 2025, the Plaintiff filed an amended complaint, alleging that the Defendants failed to pay him certain wages and overtime pay for work that he performed as a roadside assistance driver for AZ Battery Rescue, in violation of the FLSA, the MWHL and the MWPCL.  ECF No. 37.

The parties engaged in discovery on these claims in 2023.  ECF No. 55 at 2.  During the year-long discovery period, the parties served and responded to written discovery requests and completed three depositions.  *Id.* at 2-3.

The Plaintiff also obtained his pay records from the Defendants, and the metadata of the tablet that he used during work.  *Id.* at 6.  Using these records, the Plaintiff reconstructed his hours. *Id*.  And so, the Plaintiff contends that the Defendants owe him $14,830.44 in unpaid wages and overtime pay under the MWHL, and an equal amount as liquidated damages, for a total amount of $29,660.88, plus his reasonable attorneys' fees and costs.  *Id.*

On September 17, 2024, the parties participated in an in-person mediation session.  *Id.* After the close of discovery, counsel for the Defendants withdrew from the case.  *Id.* at 3. Defendants Majeed and AZ failed to retain new counsel and to respond to the Court's directives. *Id.*  And so, the Plaintiff has moved for a default judgment against these two Defendants.  ECF No. 54.

---

[1] The facts recited in this memorandum opinion are derived from the complaint, amended complaint, the consent motion for approval of partial settlement of FLSA claims as to Defendant Arshad and memorandum and exhibits in support thereof, and the parties' supplement to the motion and the exhibits in support thereof.  ECF Nos. 1, 37, 55, 55-1 and 59.

### The Bankruptcy Case

On May 30, 2025, Defendant Arshad filed for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Maryland. *See In re Pir Arshad* (Case No. 25-14896) (the "Bankruptcy Case"). ECF No. 55 at 3. Counsel for the Plaintiff, Andrew Balashov, Esq., also represented the Plaintiff in the Bankruptcy Case. *Id.* Mr. Balashov represents to the Court that he attended the meeting of creditors, reviewed Defendant Arshad's bankruptcy schedules and filings, evaluated the potential to bring a claim objecting to Defendant Arshad's discharge, and negotiated with Defendant Arshad's bankruptcy counsel in connection with the Bankruptcy Case. *Id.*

### The Fraudulent Conveyance Case

In 2025, Defendant Majeed transferred his interest in his home residence to himself and his wife, to be held as tenants by their entirety. *Id.* And so, on July 7, 2025, the Plaintiff filed a lawsuit against Defendant Majeed, and his wife Rubina Majeed (the "Fraudulent Conveyance Case") in the Circuit Court for Howard County, Maryland. *See Epps v. Majeed*, No. C-13-CV-25-000639. The Plaintiff contends that Defendant Majeed fraudulently transferred the interest in his home residence after he became aware of this lawsuit. *Id.* The Majeeds defaulted in the Fraudulent Conveyance Case. *Id.* And so, the Circuit Court for Howard County, Maryland entered a default judgment against them, that required, among other things, that the Majeeds reconvey the property back to Defendant Majeed as the sole owner. *Id.* at 3-4.

### The Settlement Agreement

The Plaintiff and Defendant Arshad have reached a settlement in this case (the "Settlement Agreement") that would partially resolve the Plaintiff's claims and allow the Plaintiff to recover $9,250.00 in unpaid wages from Defendant Arshad. *See* ECF No. 55-1. The key provisions of the Settlement Agreement are summarized below.

First, Section 2 of the Settlement Agreement addresses the Settlement Payment and provides that Defendant Arshad will pay to the Plaintiff and his counsel $37,000.00 (the "Settlement Payment"). ECF No. 55-1 at 2.

Second, Section 2(c) of the Settlement Agreement addresses the allocation of the Settlement Payment between the Plaintiff and his counsel. *Id.* at 2. In this regard, the Settlement Agreement provides that the sum of $9,250.00 will be paid to the Plaintiff in partial satisfaction of his claim for unpaid wages and liquidated damages. *Id.* The Plaintiff represents to the Court

3

that this payment constitutes approximately one-third of the sum of his estimated unpaid wages and maximum recoverable liquidated damages under the FLSA. *See* ECF No. 55-1.

Third, the Settlement Agreement provides that $9,000.00 will be applied to the costs and expenses incurred by the Plaintiff in this litigation, the Bankruptcy Case and the Fraudulent Conveyance Case, in the following amounts: (1) this litigation ($8,701.00); (2) the Fraudulent Conveyance Case ($235.00); and (3) the Bankruptcy Case ($64.00). *Id.*

Fourth, the Settlement Agreement provides that Defendant Arshad will pay the Plaintiff's reasonable attorneys' fees in the amount of $18,750.00, to be allocated as follows: (1) the Fraudulent Conveyance Case ($6,300.00); (2) the Bankruptcy Case ($8,000.00); and (3) this litigation ($4,450.00). *Id.*

Fifth, Section 9 of the Settlement Agreement contains a release provision which provides that, upon his acceptance of the payment in the amount of $9,250.00 from Defendant Arshad, the Plaintiff will fully release Defendant Arshad from all claims brought against him in this case and any claims for objection to discharge in the Bankruptcy Case. *Id.* at 4-5. The parties also agree that the Plaintiff's release of Defendant Arshad does not affect the Plaintiff's claims against the other Defendants in this case. *Id.* at 5.

Lastly, Section 6 of the Settlement Agreement provides that the Plaintiff shall dismiss Defendant Arshad as a defendant in this case within 14 days after the occurrence of the later of : (1) receipt of the Settlement Payment, or (2) approval of the Settlement Agreement by the Court. *Id.* at 3.

## B. Relevant Procedural History

The Plaintiff commenced this case on July 11, 2023, and he filed an amended complaint on January 8, 2025. ECF Nos. 1 and 37. On April 10, 2026, the Plaintiff filed a consent motion for judicial approval of partial settlement of FLSA claims with Defendant Arshad only. ECF No. 55.

On June 24, 2026, the Court held a fairness hearing regarding the parties' Settlement Agreement. ECF No. 57. On June 30, 2026, the Plaintiff filed a supplement to his consent motion for judicial approval of partial settlement of FLSA claims with Defendant Arshad only. ECF No. 59. The Court resolves the pending motion.

### III.    LEGAL STANDARDS

#### A.  The Fair Labor Standards Act

Congress enacted the FLSA to protect workers from poor wages and long hours that can result from substantial inequalities in bargaining power between employers and employees.  *See* S. Rep. No. 884, at 3-4 (1937); H.R. Rep. No. 1452, at 9 (1937); *see also Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 407 (D. Md. 2014); *Saman v. LBDP, Inc.*, No. 12-1083, 2013 WL 2949047, at *2 (D. Md. June 13, 2013).  The FLSA provides that "no employer shall employ" a covered employee in excess of 40 hours in a week unless the employee is paid at "a rate not less than one and one-half times the regular rate at which he is employed" for each additional hour worked.  29 U.S.C. § 207(a)(1).  The statute's provisions are mandatory and generally are not subject to bargaining, waiver or modification by contract or settlement.  *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706-07 (1945).

A Court-approved settlement is an exception to this rule.  29 U.S.C. § 216(b); *Duprey*, 30 F. Supp. 3d at 407.  The Court may approve a settlement of an FLSA claim, "provided that the settlement reflects a 'reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'"  *Saman*, 2013 WL 2949047, at *2 (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).  While the United States Court of Appeals for the Fourth Circuit has not directly addressed the factors to be considered when approving a FLSA settlement agreement, "district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*."  *Id.* at *3 (citations omitted).  And so, to approve a FLSA settlement agreement, the Court must find that: (1) there are FLSA issues actually in dispute; (2) the settlement agreement is fair and reasonable; and (3) the proposed attorneys' fees, if included in the agreement, are reasonable.[2]  *See Duprey*, 30 F. Supp. 3d at 408 (citations omitted).  These factors are most

---

[2] To determine whether a *bona fide* FLSA dispute exists, "courts examine the pleadings in the case, along with the representations and recitals in the proposed settlement agreement."  *Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 408 (D. Md. 2014) (citations omitted).  This Court has found *bona fide* FLSA disputes to exist where a defendant denies wrongdoing, disputes employee misclassification, or asserts an affirmative defense.  *See, e.g.*, *De La Cruz v. Chopra*, No. 18-337, 2018 WL 2298717, at *2 (D. Md. May 21, 2018); *Tomeh v. Veriphyr, Inc.*, No. 21-2914, 2022 WL 1422897, at *2 (D. Md. May 5, 2022).  The Court must then assess the proposed settlement agreement for fairness and reasonableness, taking into consideration: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense, and likely duration of the litigation; (3) the absence of fraud or collusion; (4) the experience of counsel who represented the plaintiffs; (5) the opinions of counsel; and (6) the probability of the

5

likely to be found where there is an "assurance of an adversarial context" and the employee is "represented by an attorney who can protect their rights under the statute." *Lynn's Food Stores*, 679 F.2d at 1354.

IV.    ANALYSIS

The parties request that the Court approve the Settlement Agreement in this case upon the grounds that the agreement is fair and reasonable. *See generally* ECF No. 55. For the reasons set forth below, and stated during the fairness hearing held in this matter on June 24, 2026, the Court agrees. And so, the Court: (1) GRANTS-in-PART the Plaintiff's consent motion for judicial approval of partial settlement of FLSA claims with Defendant Arshad only; (2) APPROVES the Settlement Agreement (ECF No. 55-1); and (3) AWARDS the Plaintiff: (a) unpaid wages in the amount of $9,250.00; (b) attorneys' fees in the amount of $12,450.00; and (c) costs in the amount of $8,748.26.

A. The Settlement Agreement Reflects
A Reasonable Compromise Of A *Bona Fide* FLSA Dispute

As an initial matter, the Court is satisfied that the Settlement Agreement in this case reflects a reasonable compromise between the parties of a *bona fide* FLSA dispute. While the Fourth Circuit has not directly addressed the factors to be considered when approving an FLSA settlement agreement, this Court has routinely considered three issues: (1) whether there are *bona fide* FLSA issues in dispute; (2) whether the settlement agreement is fair and reasonable; and (3) if included in the agreement, whether the proposed attorneys' fees are reasonable. *See Duprey*, 30 F. Supp. 3d at 408 (citations omitted). In determining whether a *bona fide* FLSA dispute exists, the Court "examine[s] the pleadings in the case, along with the representations and recitals in the proposed settlement agreement." *Id.* (citations omitted). And so, the Court has found that a *bona fide* FLSA dispute exists where a defendant denies wrongdoing, disputes employee misclassification or asserts an affirmative defense. *See, e.g.*, *De La Cruz v. Chopra*, No. 18-337, 2018 WL 2298717, at *2 (D. Md. May 21, 2018); *Tomeh v. Veriphyr, Inc.*, No. 21-2914, 2022 WL 1422897, at *2 (D. Md. May 5, 2022).

In this case, the Plaintiff has shown that there is a *bona fide* FLSA dispute between the Plaintiff and Defendant Arshad in this case. Notably, the Plaintiff contends that the Defendants

---

plaintiff's success on the merits and the amount of the settlement in relation to the potential recovery. *Duprey*, 30 F. Supp. 3d at 409.

violated the FLSA and Maryland wage laws, by failing to pay him certain wages and overtime pay. ECF No. 37. And so, the Plaintiff also contends that he is entitled to recover $14,830.44 in unpaid wages under the MWHL, and an equal amount as liquidated damages, for a total amount of $29,660.88. ECF No. 55 at 6.

But the Defendants dispute the Plaintiff's claim and they maintain that the Plaintiff is not entitled to any additional wages, because he: (1) often used the company vehicle for personal errands; (2) logged into his work tablet before starting work; and (3) agreed to certain deductions from his pay for uniforms and loss or damage to company property. *Id.* at 5. The Defendants also contend that the Plaintiff is not entitled to a minimum wage, or to overtime pay, under Maryland law, because he was a commissioned employee. *Id.*

Given this, there is a genuine dispute between the parties about whether the Plaintiff is entitled to unpaid wages and liquidated damages under the FLSA and Maryland law. And so, the Court is satisfied that the parties have a *bona fide* dispute as to whether the Plaintiff is entitled to unpaid wages, and, if so, how much. *See Lynn's Food Stores*, 679 F.2d at 1354; *De La Cruz*, 2018 WL 2298717, at *2.

## B. The Settlement Agreement Is Fair And Reasonable

The Court is also satisfied that the Settlement Agreement reflects a fair and reasonable compromise of the parties' *bona fide* FLSA dispute. To determine whether the Settlement Agreement is fair and reasonable, the Court considers the following factors: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense, and likely duration of the litigation; (3) the absence of fraud or collusion; (4) the experience of counsel who represented the Plaintiff; (5) counsel's opinions; and (6) the probability of the Plaintiff's success on the merits and the amount of the settlement in relation to the potential recovery. *See Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 409 (D. Md. 2014). These factors support a finding that the Settlement Agreement in this case is fair and reasonable for several reasons.

First, with regard to the extent of discovery and the stage of these proceedings, the litigation history of this case shows that the parties engaged in approximately one year of discovery before reaching an agreement to resolve the claims against Defendant Arshad. Notably, during the discovery period, the Plaintiff obtained the information needed to calculate

his alleged damages from the Defendants, allowing the Plaintiff to make an informed settlement demand. *Id.* at 6.

Second, this case has been pending for three years and the Plaintiff represents to the Court that the Settlement Agreement will allow the Plaintiff to avoid further litigation and a trial in this case. *See id.* at 9; *see also* ECF No. 1. And so, the Settlement Agreement will allow the Plaintiff to avoid the significant time and expenses associated with further litigation against Defendant Arshad.

Third, the evidence before the Court shows that the Settlement Agreement is an arms-length transaction that did not involve any fraud or collusion. ECF No. 55 at 9. In this regard, the Plaintiff has been represented by experienced counsel during the course of the litigation and Defendant Arshad has also been represented by counsel during the parties' settlement negotiations. *See* ECF No. 59-4.

Fourth, the considerable experience of Plaintiff's counsel in litigating FLSA matters also weighs in favor of finding that the Settlement Agreement is fair and reasonable. The Plaintiff is represented in this matter by Andrew Balashov, Esq., Omar Vincent Melehy, Esq., and Suvita Melehy, Esq. ECF No. 59 at 2. Andrew Balashov, of the law firm of Melehy & Associates LLC, has 11 years of legal experience and he has primarily worked on wage-and-hour matters at Melehy & Associates, LLC. ECF No. 59 at 6; ECF No. 59-4 at ¶ 18. Omar Vincent Melehy, of Melehy & Associates LLC, has 44 years of legal experience and he has served as lead counsel in more than 150 cases before this Court and other courts in FLSA and local wage cases. ECF No. 59 at 6; ECF No. 59-4 at ¶ 9.

In addition, Suvita Melehy, Esq., of the law firm of Melehy & Associates LLC, has 31 years of legal experience and she has handled wage and hour cases since 2000. ECF No. 59 at 6; ECF No. 59-4 at ¶ 17. Given this, the Court is satisfied that the Plaintiff's Counsel are very experienced in handling FLSA and other wage-and-hour matters.

Lastly, with regard to the probability of the Plaintiff's success on the merits in this case and the proposed settlement amount, in relation to the Plaintiff's potential recovery, the Court is satisfied that these factors also show that the Settlement Agreement is fair and reasonable. Under the terms of the Settlement Agreement, the Plaintiff will recover approximately one-third of his estimate of the maximum damages recoverable in this case. ECF No. 55 at 9; ECF No.

55-1.  The Plaintiff also reserves the right to continue to pursue his FLSA and Maryland wage law claims against the other Defendants in this case.  ECF No. 55 at 10.

Notably, the Plaintiff acknowledges that there is little likelihood that he will be able to collect any part of a judgment against Defendant AZ, because Defendant AZ is no longer in business.  *Id.* at 9.  The Plaintiff also acknowledges that, although he has obtained a court order for Defendant Majeed to set aside the conveyance of his home residence in the Fraudulent Conveyance Case, the likelihood that the conveyance will be set aside is not high.  *Id.*  And so, the Plaintiff concedes that there are litigation risks if he proceeds with litigating this matter.  *See id.*

Given this, the Plaintiff argues with persuasion that the partial settlement set forth in the Settlement Agreement is in his best interest and represents a fair and reasonable compromise. And so, for all of the aforementioned reasons, the Court is satisfied that the Settlement Agreement reflects a reasonable compromise, given the inherent risks and costs associated with further litigation of this matter.  *See Saman*, 2013 WL 2949047, at *5; *De La Cruz*, 2018 WL 2298717, at *1.

### C.  Requested Attorneys' Fees And Costs

Having determined that the Settlement is fair and reasonable, the Court next considers whether the Plaintiff's requested attorneys' fees and costs are also reasonable.  For the reasons that follow, the Court will REDUCE the attorneys' fees requested by the Plaintiff and AWARD the litigation costs that the Plaintiff seeks in this case.

As an initial matter, the Plaintiff seeks to recover attorneys' fees in the following amounts for work performed in this case, the Bankruptcy Case and the Fraudulent Conveyance Case: (1) the Fraudulent Conveyance Case ($6,300.00); (2) the Bankruptcy Case ($8,000.00); and (3) this litigation ($4,450.00).  ECF No. 59 at 2-3.  The Plaintiff also seeks to recover his costs in the following amounts: (1) this litigation ($8,709.61); (2) the Fraudulent Conveyance Case ($251.74); and (3) the Bankruptcy Case ($38.65).  *Id.* at 4.

The Court is satisfied that the Plaintiff may recover his reasonable attorneys' fees and costs in this FLSA case.  *See, e.g.*, *Serpas v. Quick Stop & Deli, LLC*, No. 24- 01051, 2025 WL 903790 (D. Md. Mar. 25, 2025) (holding that it is customary for Plaintiff's counsel to recover attorneys' fees and costs in FLSA cases); *Hintsa v. Greenbelt Ambulatory Surgery, LP*, No. 24-02403, 2025 WL 563369 (D. Md. Feb. 20, 2025) (same).  The Court is also satisfied that the

Plaintiff may recover his reasonable attorneys' fees in connection with the Bankruptcy Case. Notably, the Plaintiff has shown that he participated in the Bankruptcy Case, which was brought by Defendant Arshad, to safeguard his interest in recovering unpaid wages and liquidated damages in this litigation.  ECF No. 55 at 3; *see also, e.g.*, *Lora v. J.V. Car Wash, Ltd.*, 2015 WL 7302755, at *6 (S.D.N.Y. Nov. 18, 2015) (approving reimbursement where plaintiffs' counsel provided "a detailed and uncontested account of the work they performed in the bankruptcy case and the reasons that they needed to remain involved to safeguard their clients' interests"); *Becton v. WBY, Inc.*, 2024 WL 1961085, at *2 (N.D. Ga. Mar. 20, 2024), *aff'd sub nom. Barker v. WBY, Inc.*, 2025 WL 2427598 (11th Cir. Aug. 22, 2025) (awarding plaintiff's counsel attorneys' fees incurred in bankruptcy proceedings initiated by defendants).

But the Plaintiff has not shown that he may recover the attorneys' fees and costs that he incurred in connection with the Fraudulent Conveyance Case in this civil action.  As the Plaintiff acknowledges, the Plaintiff commenced the Fraudulent Conveyance Case before the Court entered a judgment against the Defendants in this case and the Fraudulent Conveyance Case is not a post-judgment collection action for which attorneys' fees are typically awarded.  *See* ECF No. 55 at 3.  Given this, the Court declines to award attorneys' fees and costs for the Fraudulent Conveyance Case in connection with this FLSA litigation.

Turning to the amount of attorneys' fees that the Plaintiff seeks to recover for this litigation and the Bankruptcy Case, the Plaintiff has shown that these fees are reasonable.  When calculating an award of attorneys' fees, "the Court must determine the lodestar amount, defined as a 'reasonable hourly rate multiplied by hours reasonably expended.'"  *Lopez v. XTEL Constr. Grp., LLC*, 838 F. Supp. 2d 346, 348 (D. Md. 2012) (quoting *Grissom v. The Mills Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008); *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990)); *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982) (When a settlement agreement includes an award of attorneys' fees and costs, the Court independently considers whether these fees and costs are reasonable.).  In this regard, the Court has held that an hourly rate is reasonable if it is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *see also Thompson v. U.S. Dep't of Hous. & Urban Dev.*, No. 95-309, 2002 WL 31777631, at *6 n.18 (D. Md. Nov. 21, 2002).  The Court's Local

Rules also provide that the Court considers the hourly rates set forth in the Fitzpatrick Matrix in determining the reasonableness of attorneys' fees. *See* L.R. App. B (D. Md. 2025).

Here, the Plaintiff seeks to recover attorneys' fees for **160.6 hours** of work expended on this case by his attorneys and their paralegals. ECF No. 59 at 2. These hours are confirmed in the billing records that the Plaintiff's Counsel has submitted to the Court in support of this request. ECF No. 55-2.[3] The Plaintiff's Counsel also represents to the Court that the work on this case occurred during a three-year period, beginning in July 2023, and included discovery, two mediation sessions, and drafting the Plaintiff's motion for default judgment. ECF No. 55 at 14. Given this litigation history, the Court is satisfied that the number of hours requested for work performed in this case is reasonable.

The Plaintiff also seeks to recover attorneys' fees in the amount of $8,000.00 in connection with the Bankruptcy Case, for **15.95 hours** of work performed by his attorneys and their paralegals on that matter. ECF No. 55 at 10; ECF No. 55-1 at ¶ 2; ECF No. 59 at 3. The Plaintiff's Counsel represents to the Court that this figure reflects a slight reduction of the 18.2 total hours billed in that case. ECF No. 55-4; ECF No. 59 at 3-4. The requested billable hours are confirmed by the billing records that the Plaintiff's Counsel has provided to the Court. ECF No. 55-4. During the fairness hearing, the Plaintiff's Counsel represented to the Court that the work on the Bankruptcy Case involved conducting discovery and motions practice related to the Plaintiff's objection to discharge. ECF No. 57; *see also* ECF No. 55-4. Given this, the Court is also satisfied that the number of attorney hours requested for work performed in connection with the Bankruptcy Case is reasonable.

The Plaintiff has also shown that the hourly rates requested in this case are reasonable and consistent with the rates customarily charged in this District in similar cases. The Plaintiff's Counsel represents that: (1) Omar Melehy, Esq.'s billing rate is $695.00 per hour; (2) Suvita Melehy, Esq.'s billing rate is $645.00 per hour; (3) Andrew Balashov, Esq.'s billing rate is $465.00 per hour; and (4) the law firm's billing rate for law clerks and paralegals is $245.00 per hour. ECF No. 55 at 13; ECF No. 59 at 5. The Plaintiff's Counsel also represents that Melehy &

---

[3] The Plaintiff's Counsel states that they did not charge the Plaintiff for approximately 42.1 hours of work performed in this case, totaling $13,276.00. ECF No. 55 at 14; ECF No. 55-2; ECF No. 59 at 4. The Plaintiff's Counsel also represent that the total of attorneys' fees incurred during this matter through the date of filing the pending motion are $78,919.00. ECF No. 59 at 2.

Associates, LLC is based in Silver Spring, Maryland, and that the aforementioned hourly rates are all lower than the applicable 2025 Fitzpatrick Matrix hourly rates. ECF No. 59 at 5-6.

Given this, the Court is satisfied that the hourly rates of the attorneys and paralegals who worked on this case and the Bankruptcy Case are reasonable. And so, the Court will AWARD the Plaintiff attorneys' fees in the amount of **$4,450.00** for this case and attorneys' fees in the amount of **$8,000.00** for the Bankruptcy Case.

As a final matter, the Plaintiff has shown that the litigation costs that he seeks to recover from Defendant Arshad in connection with this litigation and the Bankruptcy Case are reasonable. It is well-established that the Plaintiff may recover costs for "those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services." *Spell v. McDaniel*, 852 F.2d 762, 771 (4th Cir. 1988). Such costs may include necessary travel, depositions and transcripts, computer research, postage, court costs, photocopying and expert services. *Boyd v. Coventry Health Care Inc.*, 299 F.R.D. 451, 468 (D. Md. 2014); *Feinberg v. T. Rowe Price Grp., Inc.*, 610 F. Supp. 3d 758, 773 (D. Md. 2022).

Here, the Plaintiff's Counsel represents to the Court that they incurred $8,709.61 in costs while litigating this matter, for the costs of deposition transcripts, filing fees, process servers, postage, photocopies and legal research. ECF No. 59 at 4; ECF No. 55-5. The Court is satisfied that these costs accurately reflect the litigation expenses incurred by the Plaintiff and his counsel during the litigation of this case and that these costs are reasonable.

The Plaintiff's Counsel also represents to the Court that they incurred $38.65 in costs in connection with the Bankruptcy Case, for postage and legal research. ECF No. 59 at 4; *see* ECF No. 59-3.[4] The Court is similarly satisfied that these costs accurately reflect the litigation expenses incurred in that matter and that these costs are reasonable. *See* ECF No. 59-3. And so, the Court AWARDS the Plaintiff costs in the amount of $8,748.26.

---

[4] The Plaintiff requests $38.65 in costs for the Bankruptcy Case in the supplement to the consent motion for approval of partial settlement of FLSA claims as to Defendant Arshad only, which differs slightly from the amount agreed to in the Settlement Agreement for costs in the Bankruptcy Case, $64.00. ECF No. 55-1 at ¶ 2; ECF No. 59 at 4. The Court also observes that there appear to be additional settlement funds that could be awarded to the Plaintiff, given the Court's ruling on the award of attorneys' fees and costs in this case. *See* ECF No. 55-1 at ¶ 2.

V.    **CONCLUSION**

For the foregoing reasons, the Court:

(1) **GRANTS-in-PART** the Plaintiff's consent motion for approval of partial settlement of FLSA claims as to Defendant Arshad only (ECF No. 55);

(2) **APPROVES** the Settlement Agreement (ECF No. 55-1); and

(3) **AWARDS** the Plaintiff: (a) unpaid wages in the amount of **$9,250.00**; (b) attorneys' fees in the amount of **$12,450.00** and (c) costs in the amount of **$8,748.26**.

A separate Order shall issue.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge